IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONTE POWER,

      Petitioner,

v.                                                         Civ. No. 19-1055 KWR/SCY

DWAYNE SANTISTEVAN, and
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents.

## ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Petitioner Donte Power's "Motion Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." Doc. 1. The Court referred this matter to Magistrate Judge Steven C. Yarbrough, and on May 3, 2023 Judge Yarbrough entered a Proposed Findings and Recommended Disposition ("PFRD"). Doc. 12. In the PFRD, Judge Yarbrough recommends dismissing Mr. Power's petition in its entirety, as the majority of his claims are procedurally defaulted and those that are not fail on the merits. *Id.* The State filed a notice that it would not be filing objections to the PFRD, Doc. 13, while Mr. Power timely filed objections, Doc. 13. This review follows. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) (when resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.")

Mr. Power objects to two portions of the PFRD: that most of his claims are procedurally defaulted and he fails to show why that default should be excused, and that an evidentiary hearing is not needed on his claims. The Court will address both in turn.

1

1. **Procedural Default**

In the PFRD, Judge Yarbrough found that the majority of Mr. Power's claims (claims 2-5) are procedurally defaulted because Mr. Power failed to appeal them to the New Mexico Supreme Court within the time to do so. Doc. 12 at 16-18. Judge Yarbrough explained that procedural default may be excused for two reasons—(1) cause and actual prejudice or (2) fundamental miscarriage of justice—but that Mr. Power failed to establish that either exception applies. *Id.* at 18-20. In his objections, Mr. Power argues that any procedural default should be excused. Doc. 14.

As background, Mr. Power included these claims, among others, in his § 2254 petition: the judge, prosecutor, and defense attorney conspired to deprive Mr. Power of his rights (claim 2); admission of aggravated burglary evidence violated Mr. Power's 8th and 14th Amendment rights (claim 3); *Brady* violations (claims 4); and ineffective assistance of trial counsel (claim 5). Doc. 1 at 12-34. Mr. Power did not include these claims in a direct appeal in the state court, but did include them in a state habeas petition. *See* Doc. 10-3 at 343-49, 372-79, 409, 430-40, 448-49, 469-77. However, he never appealed his state habeas petition to the New Mexico Supreme Court. Instead of filing a petition for writ of certiorari with the New Mexico Supreme Court, Mr. Power filed multiple requests to extend the time to file a petition with the Supreme Court. The Supreme Court granted three extensions, warning Mr. Power that the third extension would be his last. *See* Doc. 10-3 at 644. When Mr. Power did not file his petition for writ of certiorari, but filed additional requests for extension, the court denied his requests for further extensions. Doc. 10-3 at 728, 807. Because he missed the filing deadline, he is barred from appealing the claims in his state habeas petition to the New Mexico Supreme Court. As a result, these claims are

procedurally defaulted such that this Court cannot hear them. *See Watson v. State of N.M.*, 45 F.3d 385, 387 (10th Cir. 1995); *Ortega v. Williams*, 3 F. App'x 722, 724 (10th Cir. 2001).

In order to excuse procedural default, Mr. Power argued in his reply that he was unable to file a petition for writ of certiorari by the New Mexico Supreme Court's deadline because he was waiting to receive copies of two discs containing discovery that he had filed with the state district court. Doc. 11 at 2. He asserted that he "did not just elect to not file a writ of certiorari. [He] diligently attempted to provide a complete record to the state's highest court." *Id.*; *see also* Doc. 1 at 10 ("All of Mr. Power's claims herein were unable to be properly exhausted due to an unconscionable breakdown in the process occurring."). In his objections, Mr. Power repeats these same arguments: "any claimed procedural default by Respondents should be excused due to prejudicial circumstances beyond Petitioner's control." Doc. 14 at 1. He explains that throughout the state court proceeding he attempted to obtain specific documents and evidence in his discovery requests. *Id.* at 2-4.

"To overcome procedural default, the prisoner must demonstrate 'cause' to excuse the procedural defect and 'actual prejudice' if the federal court were to decline to hear his claim." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1728 (2022).

> To establish cause, the prisoner must show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Then, to establish prejudice, the prisoner must show not merely a substantial federal claim, such that the errors at . . . trial created a *possibility* of prejudice, but rather that the constitutional violation worked to his *actual* and substantial disadvantage.

*Id.* at 1733 (internal quotation marks and citations omitted). In this context, prejudice does not mean the prejudice arising from the external error that caused the default, but "prejudice arising from the errors that form the basis of [petitioner's] *substantive* claims." *Smith v. Allbaugh*, 921 F.3d 1261, 1271 (10th Cir. 2019) (emphasis in original).

Here, although Mr. Power attempts to meet the cause element by explaining that he was waiting for additional information, he fails to explain why he needed that information in order to file his petition for writ of certiorari. That is, NMRA 12-501(D)(2) only requires that petitions for writ of certiorari contain "a direct and concise argument showing that the district court's decision was erroneous," and only if the writ is granted will the court then order "additional briefs, the record, and transcripts," NMRA 12-501(E). Mr. Power does not explain why he needed the discs or other information in order to make a direct and concise argument showing that the district court's decision was erroneous. Additionally, Mr. Power makes no argument regarding the actual prejudice element or that the alleged errors at trial "worked to his actual and substantial disadvantage." *Shinn*, 142 S. Ct. at 1733.

The second ground to excuse procedural default is if failure to consider the claims would result in a fundamental miscarriage of justice. "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief. This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Fontenot v. Crow*, 4 F.4th 982, 1029 (10th Cir. 2021) (cleaned up). Here, Mr. Power does not make any arguments regarding actual innocence and so he has failed to demonstrate grounds to excuse the procedural default.

For these reasons, the Court agrees with the PFRD that Mr. Power's procedural default is not excused.

  2. **Evidentiary Hearing**

In his objections, Mr. Power points out that "there has been no evidentiary hearing in this matter." Doc. 14 at 1. He further argues that he has a right to counsel when an evidentiary

4

hearing is required. *Id.* at 2. The PFRD recommends finding that an evidentiary hearing is not necessary on any of Mr. Power's claims.

> To the extent [Mr. Power] is requesting a hearing on the procedurally defaulted claims, I recommend rejecting that request because this Court cannot review those claims. *See Williams v. Trammell*, 782 F.3d 1184, 1212 (10th Cir. 2015).
>
> Likewise, to the extent Mr. Power is requesting an evidentiary hearing on claim 6 [the unexhausted claim], I also recommend rejecting that request. 28 U.S.C. § 2254(e)(2) provides that
>
>> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>> **(A)** the claim relies on--
>> **(i)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> **(ii)** a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>> **(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> Here, Mr. Power failed to present claim 6 to the state court and so he failed to develop the factual basis of that claim in state court. In the present petition, he fails to show that any § 2254(e)(2) exception applies.
>
> Lastly, I recommend denying his request for an evidentiary hearing on claim 1 [the exhausted claim]. When reviewing a federal habeas petition under § 2254(d), the court's "review is 'limited to the record that was before the state court that adjudicated the claim on the merits.'" *Smith v. Aldridge*, 904 F.3d 874, 886 (10th Cir. 2018) (quoting *Cullen v. Pinholster*, 563 U.S. 170 (2011)). "[W]hen [courts] review petitions under § 2254, [they] can only order evidentiary hearings if the petitioner meets the requirements in *both* §§ 2254(d) and (e)(2)." *Id.* (emphasis in original). As discussed above, I recommend finding that Mr. Power is not entitled to relief under § 2254(d) as to claim 1 and he makes no showing that § 2254(e) applies in his case. I thus recommend denying his request for an evidentiary hearing.

Doc. 12 at 32-34.

Other than summarily asserting that he should receive an evidentiary hearing (and counsel once an evidentiary hearing is set), Mr. Power makes no arguments as to why he is entitled to one or why the PFRD is incorrect. The Court thus overrules his objection and agrees with the PFRD that an evidentiary hearing is not necessary.

## CONCLUSION

For these reasons, it is ordered as follows:

1. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 12) is ADOPTED and Mr. Power's Objections (Doc. 14) are OVERRULED;

2. Mr. Power's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (Doc. 1) is DENIED and this case is DISMISSED;

4. A certificate of appealability is DENIED;

5. A final order is entered concurrently herewith.

_____
UNITED STATES DISTRICT JUDGE